Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:                                                                          Case No.: 1-18-46397-cec

Henry H Olszewski *aka Henryk H Olszewski*,                Chapter 11

                                         Debtor.
-------------------------------------------------------X

### APPLICATION
This application, filed by the Debtor,
Seeks to retain Accountant for the Debtor.

**TO THE HONORABLE CARLA E. CRAIG**
**UNITED STATES BANKRUPTCY CHIEF JUDGE:**

Henry H Olszewski, Debtor in Possession, (sometimes referred to as the "Debtor"), represents:

1.  Debtor requests that this Court enter an order, pursuant to 11 U.S.C. § 327, authorizing Debtor to retain the firm of Wisdom Professional Services Inc. as his accountant in this case.

### BACKGROUND

2.  Debtor commenced the bankruptcy case with the filing of a voluntary petition under chapter 11 on November 1, 2018. See Voluntary Petition, ECF Doc. No. 1.

3.  Debtor has continued in the possession of his property as debtor in possession, pursuant to 11 U.S.C. §§1108 and 1109.

4.  No committee of unsecured creditors has been appointed in this case.

5.  This Court has jurisdiction over this matter, pursuant to 28 U.S.C. §§ 1334 and

157.

6. This matter is a "core proceeding" as that term is defined by 28 U.S.C. §157.

7. This district is the appropriate district to consider this Motion, pursuant to 28 U.S.C. § 1408.

**APPLICATION TO RETAIN WISDOM PROFESSIONAL SERVICES INC.**

8. Debtor desires to retain the accounting firm of Wisdom Professional Services Inc. with offices at 2546 East 17th Street, Brooklyn, New York 11235 as his accountant.

9. Debtor believes that Wisdom Professional Services Inc. is well versed in the matters on which it is to be retained and is qualified to perform the services needed by Debtor in this case, including the preparation of monthly operating reports.

10. After conferring with Wisdom Professional Services Inc., the Debtor believes that Wisdom Professional Services Inc. does not hold or represent an adverse interest to the estate, and is a disinterested person, as that term is defined in 11 U. S. C. §101(14).

**SERVICES TO BE RENDERED**

11. Debtor believes it is necessary to retain Wisdom Professional Services Inc. to render the following services:

A) gather and verify all pertinent information required to compile and prepare monthly operating reports;

B) prepare monthly operating reports for the debtor in Bankruptcy Case No. 1-18-46397-cec;

C) prepare any necessary reports pursuant to Rule 2015.3 of the Federal Rules of Bankruptcy Procedure regarding the non-debtor businesses.

## TERMS OF RETENTION

12. Debtor and Wisdom Professional Services Inc. agreed to the following terms for Wisdom Professional Services Inc. compensation.

14. The preparation of operating reports, reviewing of bank statements, consulting and reviewing of all Debtor's financial documents becomes available for the case will be billed at an hourly rate of $150.00. The expected estimate monthly cost of services is $150.00.

15. Wisdom Professional Services Inc. anticipates that its billing rate will remain constant during the pendency of this bankruptcy case for the services rendered.

16. Wisdom Professional Services Inc. shall also request reimbursement, if any, for its disbursements incidental to its rendering services to Debtor in this case.

17. Wisdom Professional Services Inc. has been paid an initial retainer fee in the amount of $0.00 on November 12, 2018. (Please see **Exhibit A**, engagement letter dated October 1, 2018). The expected estimate monthly cost of services is $150.00; ultimately depending on the duration of the case, the total cost of services is $3,600.00.

18. In the future, Wisdom Professional Services Inc. shall make applications for the payment and allowance of fees and disbursements, pursuant to 11 U.S.C. §§ 330 and 331 and Fed. R. Bankr. P. 2016.

19. Wisdom Professional Services Inc. does not have an agreement with another party wherein which it intends to share fees with another party.

20. No prior application has been made for the relief sought herein.

**WHEREFORE**, it is respectfully requested that an order be entered authorizing the retention of Wisdom Professional Services Inc. as the Debtor's accountants herein, pursuant to the terms stated herein, together with such other and further relief as this Court deems proper.

Dated: Brooklyn, New York
       November 12, 2018

*/s/ Henry H Olszewski*
Henry H Olszewski, the Debtor

Alla Kachan, Esq.
Law Offices of Alla Kachan, P.C.
3099 Coney Island Avenue, 3rd Floor
Brooklyn, NY 11235
Tel.: (718) 513-3145

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:                                                                                  Case No.: 1-18-46397-cec

Henry H Olszewski *aka Henryk H Olszewski*,                  Chapter 11

                        Debtor.
-----------------------------------------------------------X

## AFFIDAVIT OF DISINTERESTEDNESS OF ACCOUNTANT

Michael Shtarkman, being duly sworn, hereby deposes and says as follows:

1. I am a certified public accountant with Wisdom Professional Services Inc., an accounting and business advisory firm. I submit this affidavit in support of the application of Henry H Olszewski, the Debtor-in-Possession (hereinafter, "DIP") in the above-captioned chapter 11 case for an Order authorizing the employment of Wisdom Professional Services Inc. as accountant and business advisors under the terms set forth in the Application. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

2. In connection with the preparation of this Affidavit, Wisdom Professional Services Inc. conducted a review of its contacts with the DIP, its non-debtor affiliates, and certain entities holding claims against interests in the DIP that were made reasonably known to Wisdom Professional Services Inc.

3. Wisdom Professional Services Inc. review consisted of a query of creditors of DIP against a database containing the names of individuals and entities represented by Wisdom Professional Services Inc.

4. Based on the results of its review, Wisdom Professional Services Inc. does not have an active relationship with any of the parties holding claims against the interests of the DIP.

5. Wisdom Professional Services Inc. does not believe it is a creditor of DIP within the meaning of section 101(10) of the Bankruptcy Code. Further, neither I nor any member of the Wisdom Professional Services Inc. engagement serving the DIP, to the best of my knowledge, is a holder of any of the DIP' debt or equity.

6. To the best of my knowledge, no employee of Wisdom Professional Services Inc. is a relative of, or has been connected with, any judge of the bankruptcy court for this district, the United States Trustee in this district or any employee of the office of the United States Trustee in this district.

7. To the best of my knowledge, Wisdom Professional Services Inc. is a disinterested entity as that term is defined in section 101(14) of the Bankruptcy Code in that Wisdom Professional Services Inc.:

a. is not a creditor, equity security holder, or insider of the DIP;

b. was not, within two years before the date of the filing of the DIP' chapter 11 petition, a director, officer, or employee of the DIP; and

c. does not have an interest materially adverse to the interest of the DIP estate or of any class of creditors or equity security holders.

8. In addition, to the best of my knowledge and based upon the results of the search described above and disclosed herein, Wisdom Professional Services Inc. neither holds nor represents an interest adverse to the DIP.

9. It is Wisdom Professional Services Inc.' policy and intent to update and expand its ongoing relationship search for additional parties in interest in an expedient manner. If any

new material relevant facts or relationships are discovered or arise, Wisdom Professional Services Inc. will promptly file a supplemental affidavit pursuant to Fed. R. Bankr. P. 2014.

10. Wisdom Professional Services Inc. does not have any agreements with any other parties to share fees earned as a result of services rendered in this matter.

11. Wisdom Professional Services Inc. has been paid an initial retainer fee in the amount of $0.00 on November 12, 2018. (Please see **Exhibit A**, engagement letter dated October 1, 2018). The expected estimate monthly cost of services is $150.00; ultimately depending on the duration of the case, the total cost of services is $3,600.00.

12. Wisdom Professional Services Inc. disclosed that they reviewed the Debtor's books and records as part of their initial review of the case and for the purpose of a conflict check.

Dated: Brooklyn, New York
November 12, 2018

/s/ *Michael Shtarkman*
By: Michael Shtarkman, CPA
Wisdom Professional Services Inc.
2546 E 17th St
Brooklyn, New York 11235

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                              Case No.: 1-18-46397-cec

Henry H Olszewski *aka Henryk H Olszewski*,        Chapter 11

                              Debtor.
-----------------------------------------------------------X

## ORDER GRANTING THE DEBTOR'S APPLICATION TO AUTHORIZE EMPLOYMENT OF ACCOUNTANT

Upon the annexed motion of the above-named Debtor and Debtor-in-Possession (hereinafter, "Debtor"), the declaration of Michael Shtarkman, dated November 12, 2018, the "no-objection" of the Office of the United States Trustee;

And it appearing that the employment of Wisdom Professional Services Inc. as accountant for Debtor is in the best interests of Debtor's estates;

And it appearing that no further notice is required, and no adverse interest being represented;

And sufficient cause appearing therefore; it is

**ORDERED** that Debtor be and hereby is authorized to employ Wisdom Professional Services Inc. Services as his accountants in this case as of the petition date, to render the services described in the within motion; and it is further

**ORDERED**, that Wisdom Professional Services Inc. shall be compensated in accordance with orders in connection with filed interim and final fee applications upon notice and an appropriate hearing for allowance of its compensation and expenses and shall be subject to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Amended Guidelines for Fees and Disbursements for Professionals in the Eastern District of

New York, and the United States Trustee Fee Guidelines; and it is further

**ORDERED,** that to the extent the provisions in the engagement letter are inconsistent with the order of retention, the order will govern; and it is further

**ORDERED**, that ten business days' notice must be provided by Wisdom Professional Services Inc. to the Debtor, the Official Committee of Unsecured Creditors and the United States Trustee prior to any increases in Wisdom Professional Services Inc. rates for any individual providing services to the Debtor, and such notice must be filed with the Court. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to Section 330 of the Bankruptcy Code.

# EXHIBIT A

# WISDOM PROFESSIONAL SERVICES INC
## 2546 E 17TH STREET, 2ND FLOOR
## BROOKLYN, NY 11235
## 718-554-6672

November 12, 2018

### ENGAGEMENT LETTER-BANKRUPTCY ACCOUNTING

Henry Olszewski
372 Sand Lane
Staten Island, NY 10305

Dear Client:

This letter is to confirm and specify the terms of our engagement with Henry Olszewski for providing certain accounting associated bankruptcy proceedings, as well as to clarify the nature and extent of the services we will provide.

This engagement is designed to perform the following services:

1. Prepare Monthly Operating Reports
2. Gather and verify all pertinent information required to compile.

Our fee for these services will be $150 per report. We will require a $0 retainer to begin work.

If the foregoing fairly sets forth your understanding, please sign the enclosed copy of this letter in the space indicated and return it to our office. However, if there are any additional returns you expect us to prepare, please inform us/me by noting so just below you signature at the end of the returned copy of this letter.

We want to express our appreciation for this opportunity to work with you.

Very truly yours,

_____                         _____
Michael Shtarkman, CPA                                    Henry Olszewski