```
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------X

In re:                              CHAPTER 11

George D. Chatelain,                Case No.15-43220-ess
            Debtor.
----------------------------X
```

ORDER AUTHORIZING RETENTION OF
ROSENBERG, MUSSO & WEINER AS
ATTORNEYS FOR DEBTOR AND DEBTOR IN POSSESSION

Upon the ~~annexed~~ application of the above named, as debtor and debtor in possession, (the "Debtor") seeking an order authorizing the retention of Rosenberg, Musso & Weiner ("RM&W") as counsel for the Debtor and the affidavit of Bruce Weiner, a member of RM&W, and

It appearing that

(a) RM&W are attorneys duly admitted to practice before this Court,

(b) RM&W represent no interest adverse to the Debtor or to its estate,

(c) RM&W are disinterested parties as that term is defined in 11 U.S.C. Section 101(14), and

(d) RM&W's employment is necessary and would be in the best interests of the estate, it is ***hereby***

**ORDERED**, that the Debtor ~~be and it hereby~~ is authorized to retain RM&W as attorneys to represent it as debtor and debtor in possession in the within case under Chapter 11 of the Bankruptcy Code effective as of July 15, 2015; and it is further

**ORDERED,** that RM&W shall comply with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. §330 including maintaining contemporaneous records of all time expended in representation of the Debtor; and it is further

**ORDERED**, that all compensation paid and reimbursement of expenses incurred by RM&W shall be subject to approval by this Court upon notice and a hearing pursuant to 11 U.S.C. Sections 330 and 331; and it is further

**ORDERED**, that ten business days prior to any increases in RM&W's rates for any individual employed by RM&W and retained by the debtor in possession pursuant to court order, RM&W shall file a supplemental affidavit with the Court setting forth the basis for the requested rate increase pursuant to 11 U.S.C. § 330(a)(3)(F). Parties in interest, including the United States Trustee, retain all rights to object to or otherwise respond to any rate increase on any and all grounds, including, but not

```
limited to, the reasonableness standard under 11 U.S.C. § 330.
```

No Objection:

Office of the United States Trustee

Dated: August 5, 2015

By:   */s/ Nazar Khodorovsky*
        Nazar Khodorovsky, Trial Attorney



**Dated: Brooklyn, New York**
**August 13, 2015**

**Elizabeth S. Stong**
**United States Bankruptcy Judge**